UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Roland TUMASOV,<br><br>                                   Petitioner,<br><br>v.<br><br>DOE 1, Director of San Diego Field Office,<br><br>                                   Respondents. | Case No.: 3:25-cv-02704-AGS-JLB<br><br>**ORDER SCREENING HABEAS PETITION (ECF 1), DENYING TEMPORARY RESTRAINING ORDER (ECF 2), AND SETTING HEARING** |
|---|---|

Petitioner Roland Tumasov seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. (*See* ECF 1.) He also requests a temporary restraining order releasing him from custody. (*See* ECF 2.)

**SCREENING**

The Court first must screen the habeas petition and dismiss it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *id.*, Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). To survive screening, the petitioner need only state a claim that is sufficiently "cognizable" to warrant a return or answer from the government. *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). "[A]s long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

According to the petition, in his home country of Armenia, Tumasov was "beaten" and "threatened with death" without recourse, so he fled to the United States. (ECF 1, at 5.) On "October 3, 2024," he "attempted to present himself for admission" at a U.S. port of entry and "was taken into ICE custody." (*Id.*) Last month, an immigration judge "denied" Tumasov asylum but, crucially, "granted" his request to withhold removal under section 241(b)(3) of the Immigration and Nationality Act. (ECF 1-7, at 1.) In other words,

1

Tumasov may not be removed to his home nation, as the judge necessarily found that Tumasov's "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." *See* 8 U.S.C. § 1231(b)(3)(A). Yet he remains in ICE custody—where he has been detained for more than a year. (ECF 1, at 5–6.)

Tumasov asserts that his detention is unconstitutionally "prolonged," as respondents are "now legally prohibited from" deporting him to Armenia and have made "no arrangements . . . to remove [him] to a third-party country." (ECF 1, at 10.) Because it is not clear under what authority the government is holding him, and given the length of his detention, Tumasov states a claim that is sufficiently cognizable to warrant the government's answer. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006) (ruling that the "general immigration detention statutes" "do not authorize . . . indefinite detention"); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (U.S. 2001) (holding that a "statute permitting indefinite detention of an alien would raise a serious constitutional problem"). So, this case will proceed.

## MOTION FOR TEMPORARY RESTRAINING ORDER

Tumasov also requests a temporary restraining order requiring his immediate release from custody. (*See* ECF 2.) A temporary restraining order, like all injunctive relief, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Tumasov must clearly demonstrate that: (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Id*. at 20; *see also Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1072 (S.D. Cal. 2019) ("The standard for obtaining a temporary restraining order is identical to the standard for obtaining a preliminary injunction, with the primary difference being [timing].").

Tumasov has not met that high standard. Though he alleges that "[r]espondents are now legally prohibited from" continuing to detain him, he cites to no authority to support

this assertion. (ECF 1, at 10.) Tumasov may be correct—it is unclear from the record why Tumasov is being held after being granted relief. But it is also possible that he is not— Tumasov's grant of relief is not itself dispositive. *See Nadarajah*, 443 F.3d at 1076 (allowing the government to detain the petitioner even after an asylum grant "for a reasonable period," but "only if there is a significant likelihood of removal in the reasonably foreseeable future" (cleaned up)).

Similarly, Tumasov has not yet clearly shown that he is likely to suffer irreparable injury. In addition to his constitutional harm-related claims, Tumasov alleges that his ongoing mental-health diagnoses render his "continued detention" "grievously inhumane." (ECF 2, at 6.) While the psychiatric report offered in support of this assertion states that Tumasov suffers "from significant emotional trauma as a result of his persecution in Armenia" (ECF 1-9, at 5), the therapist who evaluated him never opined on the impact of his continued detention in the United States (*see generally* ECF 1-9). Thus, the current evidence regarding irreparable injury does not reach the high bar required for an injunction.

The motion for a temporary restraining order is denied. The Court will nonetheless set a hearing on a preliminary injunction, which will allow fuller briefing and argument by all parties. To the extent petitioner requests a bond hearing (*see* ECF 1 at 2), the Court will consider this request in the same consolidated hearing.

## CONCLUSION

The Court orders as follows:

1. Tumasov's motion for a temporary restraining order is **DENIED** without prejudice. The Court will consider it instead as a motion for a preliminary injunction.

2. By October 30, 2025, respondents must file their return or answer to the habeas petition and show cause why the writ should not be granted. Any injunction-related opposition is due then as well.

3. By November 5, 2025, Tumasov must file any reply to the government's return or answer to the habeas petition. Any injunction-related reply is due then, too.

4. On **November 13, 2025, at 10:00 AM** the Court will hold a consolidated hearing for argument regarding the habeas petition and any preliminary injunction.

Dated: October 16, 2025

_____
Hon. Andrew G. Schopler
United States District Judge