UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Roland TUMASOV,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>DOE 1, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 25-cv-2704-AGS-JLB<br><br>**ORDER DENYING HABEAS PETITION (ECF 1) AND PRELIMINARY-INJUNCTION MOTION (ECF 2)** |

　　　Petitioner Roland Tumasov seeks a writ of habeas corpus releasing him from immigration detention. But he doesn't qualify for release, so his petition must be denied.

　　　On September 26, 2025, Tumasov was ordered removed from the United States. (ECF 1-7, at 1.) In October, that removal order became administratively final, which triggered what is known as the "removal period"—"a period of 90 days" during which the government "*shall* detain the alien" while seeking his removal. *See* 8 U.S.C. § 1231(a)(1)(A) (emphasis added); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 533–34 (2021) ("As relevant here, the removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" (discussing 8 U.S.C. § 1231(a)(1)(B))).

　　　Tumasov's removal period only began last month, so he is still in the 90-day window of statutorily mandated detention. In other words, his detention is not merely legal, but required. This is so despite two significant equities in his favor. First, an immigration judge granted Tumasov withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, meaning he cannot be deported to his home country due to threats to his safety. (*See* ECF 1-7, at 1; 8 U.S.C. § 1231(b)(3)(A).) Yet the government may still pursue removal to a different country during the removal period. *See* 8 U.S.C. § 1231(b)(2)(E). Second, Tumasov has been in immigration custody for over a year. But the detention statute at issue here—8 U.S.C. § 1231—only concerns the custodial time *after* his removal order was finalized last month. *See Johnson*, 594 U.S. at 533–34 (discussing the interplay

between § 1231 and a pre-removal-order detention statute). Any pre-removal-order custody does not count toward the 90-day removal period, which "beg[an]" once Tumasov's removal order was "administratively final," *Johnson*, 594 U.S. at 533, and during which the government "shall detain" him, *see* 8 U.S.C. § 1231(a)(1)(A).

Thus, Tumasov's habeas petition is **DENIED**. The preliminary-injunction motion is **DENIED** as moot.

Dated: November 13, 2025

_____
Hon. Andrew G. Schopler
United States District Judge